IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ERIK SALAIZ,<br>　　　Plaintiff,<br><br>v.<br><br>AMERICA'S LIFT CHAIRS, LLC and<br>JASON JUE,<br>　　　Defendants. | §<br>§<br>§<br>§　　EP-22-CV-26-DB<br>§<br>§<br>§<br>§ |

## ORDER

On this day, the Court considered Defendants America's Lift Chairs, LLC ("ALC") and Jason Jue's (collectively, "Defendants") "Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction or Alternatively, to Transfer to the Southern District of Georgia" ("Motion to Transfer Venue"). ECF No. 5. In their Motion, filed on March 28, 2022, Defendants request that the Court dismiss the complaint for lack of personal jurisdiction or, alternatively, transfer the case to the Southern District of Georgia pursuant to 28 U.S.C. § 1404(a). *Id.* On April 14, 2022, Plaintiff Erik Salaiz filed a Response, where he requested that the Court transfer the complaint to the Southern District of Georgia. ECF No. 7.

## LEGAL STANDARD

Unless otherwise provided by law, in a civil action based on federal question jurisdiction, venue is permissible "only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. §1391(b). When multiple venues are permissible, in the interest of justice and for the convenience of the parties, a district court may transfer a case to any other district or division where it could have been brought. 28 U.S.C. §1404(a) ("§ 1404(a)").

District courts have broad discretion to transfer a case pursuant to § 1404(a). *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (*en banc*) ("*Volkswagen II*"). "The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Id.* at 312. If venue is proper in the destination venue, the moving party bears the burden of demonstrating that good cause exists to transfer the case for convenience purposes. *Id.* at 315.

In deciding whether to transfer, courts consider various private and public interest factors including "the relative ease of access to sources of proof . . . [and] the cost of attendance for willing witnesses." *Volkswagen II*, 545 F.3d at 315 (internal quotations omitted). These factors are "not necessarily exhaustive or exclusive" and "none . . . [is] dispositive." *Id.*

## ANALYSIS

The Fifth Circuit has "construed the discretionary transfer language of 28 U.S.C. §1404(a) to permit transfer . . . even if no personal jurisdiction existed in the transferring court." *Aguacate Consol. Mines, Inc. of Costa Rica v. Deeprock, Inc.*, 566 F.2d 523, 524 (5th Cir. 1978). Thus, this Court will analyze Defendants' Motion to Transfer Venue without addressing whether the Court can exercise personal jurisdiction over them. Defendants propose that the Court transfer this action to the Southern District of Georgia. Mot. to Dismiss or Transfer 7–8, ECF No. 5. Mr. Salaiz also requests that the case be transferred. Resp. 1, ECF No. 7.

The Court first analyzes the preliminary question: whether this case could have been brought in the Southern District of Georgia. The Court then analyzes whether good cause exists to transfer the case for the convenience of the parties and witnesses.

A civil action may be brought in "a judicial district where any defendant resides,

if all defendants reside in the same State . . ..." 28 U.S.C. § 1391(b)(1).  For the purposes of venue, a defendant corporation resides in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the action in question."  28 U.S.C. § 1391(c)(2).   A corporation is subject to a court's personal jurisdiction in (1) its state of incorporation and (2) the state where it has its principal place of business.  *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017).   A person resides "in the judicial district in which [he] . . . is domiciled."  28 U.S.C. § 1391(c)(1).

Here, for the purposes of venue, both defendants reside in the Southern District of Georgia.  Mr. Jue is a resident of Georgia and ALC's principal place of business is in Savannah, Georgia, which is in the Southern District of Georgia.   Resp. 5; Ex. A., ECF No. 5.   Venue is thus proper in the Southern District of Georgia.

Defendants argue that private interest factors weigh in favor of transfer.  Resp. 9, ECF No. 5.  The Court agrees.  Private interest factors include the relative ease of access to sources of proof" and "the cost of attendance for willing witnesses."  *In re Volkswagen AG*, 371 F.3d at 203.   All of ALC's records are located in Georgia, as are most of the individuals familiar with ALC's practices—i.e., potential witnesses.  *Id.*  Furthermore, Mr. Salaiz—likely the sole witness not located in Georgia—consents to transferring the case to the Southern District of Georgia.

Since venue is proper in the Southern District of Georgia, and the factors weigh in favor of transfer for the convenience of the parties and witnesses, the Defendants' Motion to Transfer Venue to the Southern District of Georgia should be granted.

Accordingly, **IT IS HEREBY ORDERED** that Defendants America's Lift Chairs, LLC and Jason Jue's "Motion to Transfer Venue to the Southern District of Georgia," ECF No. 5, is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned case be **TRANSFERRED** to the Southern District of Georgia.

**SIGNED** this **25th** day of **April 2022**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE