IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ERIK SALAIZ, <br><br> Plaintiff, <br><br> v. <br><br> AMERICA'S LIFT CHAIRS, LLC, a Georgia Limited Liability Company; and JASON JUE, <br><br> Defendants. | CIVIL ACTION NO.: 4:22-cv-113 |

**O R D E R**

On August 15, 2022, Plaintiff filed a Motion to Dismiss With Prejudice, stating that "Plaintiff and [both] Defendants . . . have resolved their case, and Plaintiff hereby requests the Court dismiss the case against [both Defendants] with prejudice." (Doc. 20.) Because an Answer has been filed, (doc. 17), Federal Rule of Civil Procedure 41(a)(2) applies and the action "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Since the filing of that Motion, however, Plaintiff has made two additional filings in the case. In one, Plaintiff indicates that the parties have "arrived at a settlement agreement" and, although Plaintiff has signed the settlement agreement and returned it to defense counsel, "[t]o date, Defendants have failed to comply with the terms of the settlement agreement, which is why [a] stipulation of dismissal . . . [has] not been filed with the Court." (Doc. 21, p. 1.) In the other (filed the same day), Plaintiff states that he and Defendants "respectfully request that [they be] given 30

days to finalize the [settlement] agreement," and that the Court "vacate all deadlines related to the above-captioned matter." (Doc. 22, p. 1.)

Accordingly, the Court construes Plaintiff's initial Motion to Dismiss With Prejudice as having been withdrawn, and it therefore **DENIES** that Motion, (doc. 20), **AS MOOT**. In light of the filings indicating that the parties are in the process of finalizing a settlement agreement, the Court **DIRECTS** the Clerk of Court to **ADMINISTRATIVELY CLOSE** this action. See Heape v. Flanagan, No. 6:07-CV-12, 2008 WL 2439736 (S.D. Ga. June 9, 2008).

Within thirty (30) days of the date this Order is entered, the parties—if they wish—may present a dismissal judgment, pursuant to Federal Rule of Civil Procedure 41(a)(2), incorporating the terms of their settlement, so the Court may retain jurisdiction to enforce the agreement. In the alternative, the parties may simply file a joint stipulation of dismissal. If the parties fail to file a dismissal (or, if necessary, move to reopen the case) within thirty (30) days, the Court will *sua sponte* dismiss the case with prejudice. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381–82 (1994).

**SO ORDERED**, this 7th day of September, 2022.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA